**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald Wayne THRASHER,**
**Defendant–Appellant.**

No. 00–30143.
D.C. No. CR–98–00388–JAR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided July 30, 2001.

Before T.G. NELSON, GRABER and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Ronald Wayne Thrasher ("Thrasher") appeals the district court's denial of his motion for a new trial and evidentiary hearing. We affirm the district court's decision.

On April 26, 1997, Tia Carlson and Thrasher were stopped by Oregon police. Carlson was arrested for driving under the influence. Thrasher was arrested later, when the police determined that a loaded .380 caliber semiautomatic pistol found during a search of the vehicle belonged to him. Thrasher was convicted on the charge of "felon in possession of a firearm" in violation of 18 U.S.C. § 922(g)(1). Carlson was the government's key witness against Thrasher.

■ Thrasher contends that he can produce credible admissible evidence, through

statements of a new witness, that the ATF Special Agent involved in his trial promised Carlson an award nomination. That testimony was not crucial to the case because there was other strong evidence of Thrasher's guilt and Carlson was fully and vigorously cross-examined by defense counsel. Therefore, the district court acted within its discretion in denying the Motion For an Evidentiary Hearing because the evidence was not material.

Although evidence of a possible award nomination may have damaged Carlson's credibility, this testimony would not create a reasonable probability that the outcome of the trial would have been different. *See United States v. Ciccone,* 219 F.3d 1078, 1085 (9th Cir.2000).

■ Moreover, the evidence offered by Thrasher is solely impeaching evidence, which cannot support a motion for a new trial due to the discovery of new evidence. *United States v. Holmes,* 229 F.3d 782, 789 (9th Cir.2000), *cert. denied,* 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1011 (2001). Because the evidence was not material, no *Brady* violation occurred. *See United States v. Cooper,* 173 F.3d 1192, 1202 (9th Cir.) *cert. denied,* 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 408 (1999).

■ Lastly, Thrasher contends that his motion for a new trial should have been granted because Carlson was allowed to testify falsely that she was not being paid for her testimony. Thrasher did not establish either that Carlson was actually paid for her testimony, or that her testimony was false.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.